IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LORENZA GERALD FEREBEE, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00236 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SCOTT S. HARRIS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Lorenza Gerald Ferebee, Jr., Pro Se Plaintiff.*

The plaintiff, Lorenza Gerald Ferebee, Jr., a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that errors by federal court clerks and deputy clerks have adversely affected his litigation efforts. After reviewing his submissions, I find that his case must be summarily dismissed.

I.

Ferebee names as defendants Scott S. Harris, Clerk of the United States Supreme Court; Clayton Higgins, Jr., Case Analyst at that Court; Julia C. Dudley, Clerk of this court; A. Beeson, a deputy clerk for this court; Fernando Galindo, Clerk of the United States District Court for the Eastern District of Virginia; and other deputy clerks identified only as John or Jane Does. Ferebee alleges that in the course of several civil actions he has pursued, these defendants have committed procedural

errors. He claims that these errors have deprived him of his right to access to the Supreme Court and constituted fraud on the court and/or mail fraud.

Ferebee's rambling pro se Complaint does not include any statement of facts without an interwoven tangle of case citations, statute numbers, rule numbers, and legal statements, making the sequence of events difficult to follow. However, I liberally construe the alleged facts of his claims to be as follows.

1. After this court denied relief in the pro se case filed by the plaintiff entitled *Ferebee v. Stapleton*, No. 7:19CV00254,[1] Ferebee filed a Notice of Appeal. While that appeal was pending, he filed a Petition for a Writ of Certiorari to the Supreme Court, No. 20-6560. Supreme Court Case Analysis Higgins returned Ferebee's paperwork because it did not include necessary items, such as a copy of the opinion of the court of appeals. Higgins advised Ferebee to correct and resubmit the paperwork within sixty days, which Ferebee attempted to do. Ultimately, he claims Higgins and Supreme Court Clerk Harris "denied" the certiorari petition as untimely filed.

---

[1] The Memorandum Opinion in *Ferebee v. Stapleton* characterized Ferebee's claims as alleging that officials violated his constitutional rights related to certain institutional disciplinary charges, hearings and appeals and to his confinement in segregated housing.

2. After the United States District Court for the Eastern District of Virginia denied relief in the case entitled *Ferebee v. Clarke*, No. 1:19CV01483,[2] Ferebee filed a Notice of Appeal intended for the Supreme Court, rather than the court of appeals. Defendant John or Jane Doe (a deputy clerk) sent the appeal electronically to the court of appeals. When Ferebee mailed supporting material to the Supreme Court, Higgins returned it as an untimely certiorari petition. A court appeals employee construed the submission differently and gave Ferebee a deadline to file his informal brief. Ferebee complied.

3. When this court dismissed two other Ferebee civil rights cases, *Ferebee v. Manis*, No. 7:19CV00628[3] and *Ferebee v. Manis*, No. 7:19CV00680,[4] Clerk Dudley and/or Deputy Clerk Beeson electronically transmitted Ferebee's Notice of Appeal to the court of appeals, instead of to the Supreme Court, as Ferebee desired. Ferebee then mailed material directly to the Supreme Court

---

[2] Court records online indicate that in *Ferebee v. Clarke*, Ferebee attempted to pursue a second or successive Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, which the district court dismissed, pursuant to 28 U.S.C. § 2244(b), because he had not first obtained certification from the court of appeals to pursue such a petition.

[3] The court granted the defendants' Motion for Summary Judgment in No. 7:19CV00628, in which Ferebee contended that prison officials had subjected him to cruel and unusual punishment by exposing him to mold.

[4] The court granted the defendants' Motion to Dismiss in No. 7:19CV00680, in which Ferebee challenged the constitutionality of a prison ban on inmates talking to each other or to prison staff through the gate or fence during their outside recreation time.

    in an attempt to pursue his appeal there. Higgins returned these pleadings to Ferebee.

4. Higgins unlawfully and with criminal intent rejected and returned Ferebee's Supreme Court filings on several separate occasions, thereby committing mail fraud and denying Ferebee his right to appeal directly to the Supreme Court after the district courts had denied relief in various civil actions.

As relief, Ferebee seeks monetary damages and declaratory and injunctive relief, apparently to renew his opportunities to pursue proceedings in the Supreme Court that were previously denied to him. He also wants this court to order that Higgins cannot analyze Ferebee's future submissions to the Supreme Court.

## II.

    The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

    Ferebee apparently rests his denial of court access claims on 28 U.S.C. § 2101(e), which recognizes the existence of certain circumstances when a litigant

may appeal a district court ruling directly to the United States Supreme Court, instead of first pursuing a direct appeal with the applicable court of appeals, as normally required. *See* 28 U.S.C. § 2101(a), (b), (c), (d). Subsection (e) provides that "[a]n application to the Supreme Court for a writ of certiorari to review a case before judgment has been rendered in the court of appeals may be made at any time before judgment." 28 U.S.C. § 2101(e). When Ferebee has attempted to appeal directly to the Supreme Court in several cases, the defendant court officials have construed and processed his submissions as some other sort of petition or notice, thereby allegedly depriving him of his right to access these procedures.

    As an initial matter, I cannot find that I have authority to grant Ferebee's requests for injunctive relief. I cannot direct the Supreme Court to reverse its rejection or dismissal of his pleadings or to reinstate them to its docket. Ferebee's remedy for such alleged mistakes was to seek rehearing from the Court itself. *See* U.S. Sup. Ct. Rule 44 (regarding petitions for rehearing). Moreover, Rule 1 of the Rules of the Supreme Court of the United States authorizes the Clerk of that Court to reject any documents received for filing if those documents do not comply with the Court's rules. I cannot determine for the Court whether its clerk or deputy clerks, so authorized, have misconstrued a party's submissions as failing to comply with the Court's rules. Again, Ferebee's remedy for such an alleged mistake is with the Supreme Court itself and not with this court.

In another vein, Ferebee has no legal right to bring a federal lawsuit against Higgins or any other defendant for alleged mail fraud or other criminal offenses. Ferebee cannot use a civil action to require this court to prosecute criminal charges, because "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990). The decision to prosecute, and what charges to bring, are matters of the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Thus, to the extent Ferebee seeks criminal prosecution of any defendant in this action, such allegations have no basis in law.

As to Ferebee's other requests for relief, I cannot find that his allegations state claims cognizable under § 1983. First, it is well established that "there is no constitutional right to an appeal" from a lower court's ruling. *Abney v. United States*, 431 U.S. 651, 656, (1977). Any right to appeal, if one exists, "is purely a creature of statute." *Id.* at 656. Thus, Ferebee has not suffered a constitutional violation from being unable to pursue his petitions for certiorari.

Second, Ferebee also has no statutory right to pursue a Petition for a Writ of Certiorari in the United States Supreme Court. "Review on a writ of certiorari is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only for compelling reasons." U.S. Sup. Ct. Rule 10. The procedure that Ferebee complains he has been denied is even more rare. "A petition for a writ of certiorari to review a case pending in a United States court of appeals, before

judgment is entered in that court, will be granted only upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination" by the Supreme Court. U.S. Sup. Ct. Rule 11. Thus, the fact that Ferebee has not been allowed to pursue a writ in the Supreme Court does not support a claim under § 1983 that he has been denied a right protected by any federal statute.

Ferebee's alternative version of his court access claims against district court staff may be that even if his petitions seeking a writ of certiorari from district court decisions directly to the Supreme Court have no likelihood of success in that Court, he still has a right (under the constitutional right to access the courts or particular, unspecified federal statutes) to have court clerks file and process his submissions as the types of court actions that he intends them to be. He appears to assert that violation of these purported access rights alone entitles him to the relief he seeks, such as reinstatement of his court actions and monetary damages from the defendants for depriving him of his right to file.

Ferebee is mistaken. It is well established that "a prisoner's simple ability [or inability] to file a complaint is not dispositive" of a constitutional access-to-courts claim against state officials. *Fox v. N.C. Prison Legal Servs.*, 751 F. App'x 398, 400 (4th Cir. Dec. 4, 2018) (unpublished) (quoting *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006)). In other words, an inmate's right to access requires only that

he be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  A claim of denial of court access, such as Ferebee is attempting here, must demonstrate that he suffered "actual injury" to his litigation efforts — specifically, that a defendant's actions hampered his efforts to litigate a particular, "nonfrivolous" legal claim.  *Id.* at 353; *see also Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002) (discussing need for litigant to identify nonfrivolous legal claim and lost remedy as elements of claim for denial of court access).

For the most part, Ferebee's Complaint fails to provide the subject matter of the certiorari petitions that he accuses the defendants of hindering.  Review of court records from these petitions indicates no likelihood that Ferebee would have succeeded in any of them, particularly given the highly discretionary and selective nature of the Supreme Court's certiorari practice.  Thus, I cannot find that Ferebee has identified any nonfrivolous certiorari claim that was hampered by the defendants' alleged decisions about how to file his pro se pleadings in the cases at issue.  Therefore, he has not stated any viable claim under § 1983 that any of the defendants has violated his constitutional or statutory rights to access the federal courts.

Finally, it is also clear that "negligent conduct that results in a denial of access to the courts" is not actionable under § 1983.  *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir.

1995). At the most, Ferebee alleges that the court staff he has named as defendants took actions in the course of their court duties — construing and docketing his pro se filings — that resulted in his inability to pursue certain, intended certiorari actions as desired. While Ferebee describes some defendants' actions as intentional or even fraudulent, he states no facts indicating anything other than inadvertent action, or at the most, negligent misinterpretation or misdirection of his pro se submissions. Neither the Constitution nor § 1983 supports a remedy for inadvertent or negligent actions by government officials.

For the stated reasons, I conclude that Ferebee's allegations do not support any viable claim for relief under § 1983 against the defendants. I will summarily dismiss this civil action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: December 30, 2021

/s/ JAMES P. JONES
Senior United States District Judge