# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LORENZA GERALD FEREBEE, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00236 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SCOTT S. HARRIS, ET AL.,** ) | Judge James P. Jones |
| ) | |
| Defendants. ) | |

*Lorenza Gerald Ferebee, Jr., Pro Se Petitioner.*

The plaintiff, Lorenza Gerald Ferebee, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that errors by federal court clerks and deputy clerks had adversely affected his litigation efforts. By Opinion and Order entered December 30, 2021, I summarily dismissed his case for failure to state a claim upon which relief could be granted. On January 26, 2022, Ferebee filed a motion seeking reconsideration of my decision and a motion seeking leave to file an Amended Complaint. After review of his submissions and the record, I conclude that his motions are appropriately granted, but that this civil action must, once again, be summarily dismissed for failure to state a claim upon which relief could be granted.

I.

In both the initial Complaint and the Amended Complaint, Ferebee names as defendants: Scott S. Harris, Clerk of the United States Supreme Court; Clayton R. Higgins, Jr., Case Analyst at that Court; Julia C. Dudley, Clerk of this court; A. Beeson, a Deputy Clerk for this court; Fernando Galindo, Clerk of the United States District Court for the Eastern District of Virginia; and other deputy clerks there identified only as John or Jane Does. Ferebee alleges that in the course of several civil actions he has pursued, the defendants failed to properly process his submitted notices of appeal. He claims that these errors deprived him of his right to access the procedure under 28 U.S.C. § 2101 to appeal directly to the Supreme Court from a district court ruling.

As Ferebee points out in his reconsideration motion, his claims do not arise under 42 U.S.C. § 1983, as he initially alleged and as my prior Opinion inadvertently found. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of *state* law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Because this lawsuit names only federal court officials as defendants, for actions taken in the course of their official duties, it is suing officials acting under *federal* law, not state law. Thus, to the extent that my Opinion addressed Ferebee's claims as arising under § 1983, I will grant the reconsideration motion.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court created a limited counterpart to § 1983, permitting individuals to bring a lawsuit against a *federal* actor for violating a right guaranteed by the Constitution. I will consider Ferebee's Amended Complaint as the operative pleading now in this action and will construe it as asserting claims under *Bivens* against federal officials who have allegedly violated his constitutional rights.

Like Ferebee's initial Complaint, the Amended Complaint does not include any statement of facts without an interwoven tangle of case citations, statute numbers, rule numbers, and legal statements, making the sequence of events and claims difficult to follow. The Amended Complaint sets out three claims, labeled A, B, and C. Am. Compl. 16-27, ECF No. 10-1. I liberally construe the alleged facts offered in support of Ferebee's claims as amended to be as follows.

    A. The Clerk's Offices of the Eastern and Western District Courts of Virginia allegedly have a policy and custom to deny Ferebee the ability to file direct appeals from district court rulings to the Supreme Court of the United States. After the district courts denied relief in three of Ferebee's civil rights actions (No. 7:19CV00628 and No. 7:19CV00680 in the Western District and No. 1:19CV01483 in the Eastern District), Ferebee filed a Notice of Appeal in each case directly to the United States Supreme Court

under 28 U.S.C. § 2101(e). In each case, the clerk or a deputy clerk instead electronically notified the United States Court of Appeals for the Fourth Circuit of Ferebee's Notice of Appeal, rather than notifying the Supreme Court. These actions allegedly injured Ferebee's litigation efforts by making him "out-of-time to file a direct appeal to the United States Supreme Court." *Id.* at 17.

B. The Supreme Court Clerk's Office allegedly has a policy or custom of denying Ferebee access to a direct appeal from a district court judgment. On several occasions in 2020 and 2021, after Ferebee filed a Notice seeking a direct appeal, one or more of the Supreme Court defendants rejected Ferebee's accompanying petition because he did not include an opinion from the court of appeals or rejected the petition as out of time.

C. Supreme Court Case Analyst Higgins allegedly denied Ferebee access to the Supreme Court in retaliation for Ferebee's attempts to exercise his right to redress his grievances. Ferebee bases this claim on Higgins's return of certiorari pleadings in No. 20-7206 because Ferebee did not include an opinion from the court of appeals in this case. Harris, the Clerk of the Supreme Court, later rejected Ferebee's certiorari pleadings for being filed out of time. Ferebee filed a timely petition seeking a rehearing, but Higgins returned it, unprocessed. Ferebee also filed direct appeals to the

Supreme Court related to the three district court cases referenced in Claim A, but Higgins returned the appeal paperwork as being filed out of time.[1] As relief in the Amended Complaint, Ferebee seeks monetary damages, declaratory relief stating that the defendants violated his constitutional rights, and injunctive relief requiring Higgins and other court employees to adequately review notices from litigants seeking direct appeal review in the Supreme Court.

II.

The court must dismiss any complaint or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citations and alterations omitted).

---

[1] Judging from the three claims and the forms of relief that Ferebee sets forth in the Amended Complaint, I conclude that he has abandoned some of the claims raised in the initial Complaint as I construed and addressed it, including his claims of fraud and mail fraud. To the extent that Ferebee still intends to pursue any such claims, I hereby dismiss them for the reasons stated in my prior Opinion.

Ferebee's claims that the defendants' actions denied him court access apparently rest on 28 U.S.C. § 2101(e), which states: "An application to the Supreme Court for a writ of certiorari to review a case before judgment has been rendered in the court of appeals may be made at any time before judgment." Section 2101 recognizes the existence of certain circumstances when a litigant may appeal a lower court ruling directly to the United States Supreme Court, instead of first pursuing a direct appeal with the applicable court of appeals, as normally required. 28 U.S.C. § 2101. When Ferebee has attempted to appeal directly to the Supreme Court in several cases, the defendant court officials have construed and processed his submissions as some other sort of appeal petition or notice, thereby allegedly depriving him of his purported right to access the appeal procedures in § 2101.

As an initial matter, I cannot find from Ferebee's allegations that the defendants have deprived him of constitutionally protected rights to pursue such an appeal. First, it is well established that "there is no constitutional right to an appeal" from a lower court's ruling. *Abney v. United States*, 431 U.S. 651, 656 (1977); *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("[T]he right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice."). Any right to appeal, if one exists, "is purely a creature of statute." *Abney*, 431 U.S. at 656. Thus, Ferebee has not suffered a constitutional violation from being unable to pursue his purported direct appeals to the Supreme Court or his petitions

seeking certiorari review. Without a constitutional right at stake, Ferebee has no grounds for relief under *Bivens.*

Second, Ferebee also has no statutory right to pursue a petition for a writ of certiorari in the Supreme Court. "Review on a writ of certiorari is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only for compelling reasons." Sup. Ct. R. 10. The procedure that Ferebee complains he has been denied is even more rare. "A petition for a writ of certiorari to review a case pending in a United States court of appeals, before judgment is entered in that court, will be granted only upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination" by the Supreme Court. Sup. Ct. R. 11. Ferebee has made no showing that the issues he raised in his intended direct appeals to the Supreme Court had "imperative public importance" or that they required "immediate determination." *Id.* Thus, the fact that Ferebee has not been allowed to pursue a writ in the Supreme Court does not support a claim that the defendants have deprived him of any right protected by any federal statute. In any event, I cannot find that a statutory claim is actionable under *Bivens*.

Ferebee's alternative version of Claims A and B is that his constitutional right to access the courts includes a right to have court clerks file and process his submissions as the types of court actions that he, as the litigant, intends them to be.

He appears to assert that violation of these purported access rights alone entitles him to the relief he seeks, such as monetary damages from the defendants for depriving him of his right to file for declaratory and injunctive relief from this court instructing clerks on proper handling of Supreme Court filings.

Ferebee is mistaken. It is well established that an inmate's right to court access requires only that he be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (citation omitted). More specifically, claims of denial of court access, such as Ferebee is attempting here, must demonstrate that he suffered actual injury to his litigation efforts — specifically, that a defendant's actions hampered his efforts to litigate a particular, nonfrivolous legal claim. *Id.* at 353; *see also Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002) (discussing need for litigant to identify nonfrivolous legal claim and lost remedy as elements of claim for denial of court access).

Ferebee's Amended Complaint (like his initial Complaint) fails to provide the subject matter of the direct appeals and certiorari petitions that he accuses the defendants of hindering. Certainly, he has not established any likelihood that he would have succeeded in any of these direct appeals or certiorari petitions, particularly given the highly discretionary and selective nature of the Supreme Court's certiorari practice. Thus, I cannot find that Ferebee has identified any

nonfrivolous appeal or certiorari claim that was hampered by the defendants' alleged decisions about how to file or process his pro se pleadings in the cases at issue. Therefore, he has not stated any viable claim that any of the defendants have violated his constitutional right to access the federal courts.[2]  Accordingly, I will summarily dismiss his access to courts claims.

Finally, in Ferebee's third claim, he asserts that defendants Higgins and Harris returned or refused his appeals and certiorari pleadings to retaliate against him for exercising his constitutional right to seek governmental redress.  To establish a colorable First Amendment retaliation claim, a plaintiff must present facts showing that the plaintiff's exercise of a constitutional right caused or motivated an action against the plaintiff that adversely affected his constitutional rights. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) ("*Martin II*"); *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) ("*Martin I*") (noting plaintiff "must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that

---

[2] It is also clear that "negligent conduct that results in a denial of access to the courts" is not actionable under § 1983. *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995). Ferebee claims that the court staff members he named as defendants took actions in the course of their court duties — construing and docketing his pro se filings — that allegedly resulted in his inability to pursue certain, intended certiorari or direct appeal actions as he desired. I take judicial notice of the fact that court staff are frequently required to decipher, from confusing, nearly illegible pro se pleadings like Ferebee's submissions, the most appropriate title for the filing and to process it accordingly. While Ferebee describes the defendants' actions as intentional interference with his litigation desires, I find from his allegations nothing more than a claim of inadvertent or possibly negligent misinterpretation or misdirection of his pro se submissions. Inadvertent or negligent actions by state officials do not support any claim that they have violated Ferebee's constitutional rights.

adversely affected his First Amendment rights, and (3) there was a causal relationship between [the plaintiff's] protected activity and the defendant's conduct") (citation and alterations omitted). The plaintiff must provide more than "naked allegations of reprisal." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

I cannot find that Ferebee has stated facts meeting the required elements of a constitutional retaliation claim. Without any facts in support, he asserts in conclusory fashion that the defendants on the Supreme Court staff took actions on his submissions with the intent to retaliate against or punish him for exercising his First Amendment right to see redress of grievances. Yet, he admits that each time the defendants returned his pleadings or denied certiorari, they gave a nonretaliatory reason for that action. I simply find no factual basis for his claim that any of the challenged actions arose from an intent to retaliate against him for his exercise of his constitutional rights.[3]

For the stated reasons, I conclude that Ferebee's allegations do not support any viable claim for relief against the defendants based on any deprivation of constitutional rights as required to state a claim under *Bivens*. I will, therefore,

---

[3] Moreover, "[t]he Supreme Court has never recognized a First Amendment based *Bivens* remedy in any context." *Earle v. Shreves*, 990 F.3d 774, 779 (4th Cir. 2021) (refusing to extend *Bivens* remedy to inmate's claim that prison officials retaliated against him in violation of First Amendment for filing grievances), *cert. denied*, 142 S. Ct. 358 (2021); *see also Ziglar v. Abbasi,* 137 S. Ct. 1843, 1857 (2017), ("[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity") (citation omitted).

summarily dismiss this civil action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: June 6, 2022

/s/ JAMES P. JONES
Senior United States District Judge